## EMMA H. KIMBALL vs. MASSACHUSETTS ACCIDENT COMPANY.

MAY 26, 1922.

PRESENT: Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Equity.  Appeal.  Final Decree.*

An appeal from a decree of the superior court denying a motion to vacate a final decree and for leave to file an amended or supplemental bill in the cause, brings before the court for review only such matters as are involved in the decree appealed from; and cannot bring up any alleged error contained in the final decree itself or any matters arising in the cause previous to the entry of the final decree.

(2)  *Equity.  Appeal.  Final Decree.*

Where a bill of complaint was brought to set aside the substitution of a new policy for the original one, on the ground that the substitution had been procured by the fraud of respondent's agents and the court found against the complainant and dismissed the bill, and on motion to vacate the final decree no facts were stated warranting the court in setting aside the decree, the motion was properly denied.

BILL IN EQUITY.  Heard on appeal of complainant from decree of Superior Court denying motion to vacate final decree and appeal dismissed.

SWEENEY, J.  This is an appeal from a decree of the Superior Court denying complainant's motion to vacate a final decree theretofore entered by said court.

The bill of complaint averred that the complainant is the widow of Harry W. Kimball and the beneficiary under a policy of accident insurance issued by the respondent July 14, 1914, which provided, among other things, that in case of the death of Mr. Kimball, effected solely through accidental means, it would pay the beneficiary the sum of $7,500.00; that said Harry W. Kimball died March 28, 1920, solely as a result of accidental means; that the complainant demanded payment of the amount of said insurance; that the respondent denied liability and refused payment, whereupon the complainant brought an action at law upon said policy in said Superior Court; and that said action was then pending in said court.

The bill also averred that after bringing said action at law the complainant discovered that at the time of the issuance of said policy, July 14, 1914, said Harry W. Kimball was carrying an accident policy issued by said company, September 29, 1910, which was then in full force and effect, in which she was named as beneficiary and which was more liberal in its terms and provisions for Mr. Kimball and her than said policy issued July 14, 1914.

The bill also averred that said Harry W. Kimball was induced by the respondent to consent to the substitution of the policy dated July 14, 1914, in lieu of the one dated September 29, 1910, by means of the fraud of the agents of said respondent, in that said agents fraudulently represented to said Kimball and induced him to believe that the substituted policy covered the same risks as the original policy and was in effect a renewal thereof except for an increased premium on account of the amount payable at death being materially increased. Whereas, in fact, under the terms of the original policy the insured was given a broader and more ample protection than under the substituted policy, and an additional limitation upon the liability of the respondent was contained in the substituted policy to the effect that "the insurance hereunder shall not cover any injury, fatal or nonfatal, sustained by the insured while partipating in, or in consequence of having participated in aëronautics, from ptomaines or from disease," and that this limitation would be a defense in said action at law upon said new policy.

The bill prayed that the substitution of the new policy in place of the original policy be declared to be a fraud upon the rights of said Harry W. Kimball and of the complainant as beneficiary, and that the original policy be ordered to be reinstated and declared to be the policy in force at the time of the death of said Harry W. Kimball in place of said new policy, and for other relief.

The respondent filed an answer denying that it or its agents had been guilty of any fraud or improper conduct

which constituted a fraud upon the rights of said Harry W. Kimball or of the complainant as beneficiary under said policy.

After hearing upon bill, answer, and proofs by the Presiding Justice of the Superior Court, a final decree was entered dismissing the bill. Several findings of fact were incorporated in the decree, one of which was that said Harry W. Kimball was not induced to consent to the substitution of the new policy for the original one by fraud or false representations or improper conduct upon the part of the respondent or of its agents.

The final decree dismissing the bill of complaint was entered April 22, 1921, and no appeal was taken therefrom. Within six months thereafter, namely, September 13, 1921, the complainant filed her motion that said final decree be vacated, that she be granted leave to file an amended or supplemental bill in said cause, and that such further proceedings might be had as justice and equity might require. After a hearing upon this motion a decree was entered November 10, 1921, denying the same and the complainant duly filed her claim of appeal therefrom. The reasons stated for the appeal are that said decree is contrary to the law and the evidence and should be reversed and that the court erred in its application of the law to the facts set out in the affidavit in support of said motion to vacate said final decree.

The complainant advisedly claimed no appeal from the final decree dismissing her bill of complaint as her solicitor states in his brief that he decided to await the result of the trial of the action at law and then, in case of an adverse decision, to move to vacate said final decree or file a bill of review.

A person aggrieved by a final decree in equity must claim (1) an appeal therefrom within thirty days from the entry thereof. Section 25, Chapter 289, General Laws, 1909. In discussing the right of appeal in an equity cause, this court said in *McAuslan* v. *McAuslan*, 34 R. I. 462, on page 473,

"if a party aggrieved by a decree may appeal, we think the weight of authority and regularity of procedure would require that he must appeal or lose his right to have the objectionable decree reviewed by this court."

The present appeal brings before the court for review only such matters as are involved in the decree appealed from and cannot bring before the court any alleged error contained in the final decree itself or any matters arising in the cause previous to the entry of the final decree. *McAuslan* v. *McAuslan, supra,* p. 474.

The motion to vacate said final decree is filed under authority of Section 2, Chapter 294, General Laws, 1909, which provides, among other things, that in case of decrees in all equity causes the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same, and reinstate the cause or make new entry and take other proceedings with proper notice to parties, with or without terms, as it may direct by general rule or special order.

The only additional facts contained in the affidavit filed in support of the motion to vacate the final decree which were not introduced in evidence during the trial of the equity cause, prior to the decision and entry of the final decree, are to the effect that Dr. Kimball while suffering from a boil or abscess on his neck treated three erysipelas cases; that within a short period an infection of erysipelas developed in said boil or abscess which resulted in his death; that the defendant in said action at law claimed that erysipelas was the cause of Dr. Kimball's death; that erysipelas is a "disease"; and that the defendant was not liable under the provision in its policy which provided that it would not be liable for death "from disease."

It appears from the record that said action at law upon said substituted policy was tried before a justice of the Superior Court June 6, 1921, jury trial having been waived, and resulted in a decision, July 12, 1921, for the defendant upon the grounds that the death of the insured had not been

effected solely through accidental means and that it was not liable for death caused by "disease."

The bill of complaint was brought to set aside the substitution of the new policy for the original one on the ground that the substitution had been procured by the fraud of the agents of the respondent.. The court found against the complainant on this issue and dismissed the bill.

In the affidavit filed with the motion to vacate the final decree no newly discovered evidence of fraud in procuring the substitution of the new policy for the original one is stated, nor are any other facts stated in the affidavit supporting said motion which would justify the court in setting aside said final decree.

The complainant's appeal is dismissed, the decree of the Superior Court appealed from is affirmed, and the cause is remanded to that court for further proceedings.

*William J. Brown, Archibald C. Matteson,* for complainant.
*Edward C. Stiness, Daniel H. Morrissey, Christopher J. Brennan,* for respondent.